UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMMY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV00124 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant the United States of America's Motion to Dismiss for Failure to State a Claim [ECF No. 10].

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The Court accepts as true the following facts alleged in Plaintiff Timmy Jones's complaint.[1] *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010). Plaintiff is a disabled veteran who is permanently rated at a 100 percent disability rating by the Veterans Administration ("VA"). In March 2006, the VA began withholding Plaintiff's compensation benefits because it believed that a felony warrant had issued for Plaintiff's arrest and that Plaintiff was fleeing from that warrant. In June 2006, the St. Louis Regional Office of the VA notified Plaintiff that if he offered evidence that the warrant had cleared, he could receive compensation benefits.

---

[1] Although the Court accepts these facts as true for the purposes of this Motion, the Court notes that several facts alleged in Plaintiff's complaint are noticeably inconsistent with other documents in the record.

1

Over the next several months, Plaintiff and his attorney submitted evidence that the warrant was actually a misdemeanor warrant, not a felony warrant.  In June 2007, the Regional Office ruled that Plaintiff should be paid the previously withheld compensation for certain periods after January 19, 2006.  The Regional Office sent Plaintiff a notice that contained a table showing withheld benefits totaling $7,262.  ECF No. 1-1 at 30.  Additionally, the notice stated that Plaintiff would receive his first payment from the VA in approximately fifteen days. *Id.* at 31.  However, Plaintiff did not receive any payments and, in August 2007, he went to the Regional Office and asked for compensation.  At the Regional Office, Plaintiff was denied compensation.

Later in 2007, the Regional Office again determined that Plaintiff was fleeing from a felony warrant and owed the VA $35,000 in overpayment of compensation and VA medical care.  The Regional Office withheld payments for an additional thirty months until Plaintiff went to a VA office in Minnesota and presented evidence that the alleged felony warrant did not exist.  The VA office dropped the overpayment of compensation claim against Plaintiff, but did not refund the withheld amounts.  From June 2007 until August 2008 Plaintiff and his attorney repeatedly contacted the Regional Office and explained that the VA's failure to refund Plaintiff's withheld amounts was causing Plaintiff substantial economic injury.  Additionally, Plaintiff's attorney provided the Regional Office with a memorandum, explaining that a felony warrant never issued for Plaintiff and requesting that the Regional Office pay the withheld amount.  ECF No. 1-1 at 1-16.  The Regional Office did not reply to this memorandum.

In September 2008, Plaintiff's attorney petitioned the United States Court of Appeals for Veterans Claims for a writ of mandamus that would require the VA to refund the withheld amount.  The court ordered the VA to respond.  In its response, the VA found that a felony warrant never issued for Plaintiff and therefore determined that Plaintiff was entitled to a refund of the withheld

amounts. The VA, however, only partially repaid the withheld benefits, failing to refund approximately $16,000. Plaintiff does not seek any alleged delinquent amount in this action.

Plaintiff then filed a claim with the VA under the Federal Tort Claims Act ("FTCA"), alleging that the VA had wrongfully withheld compensation benefits. The VA denied the claim, stating that its

> review revealed no evidence of any negligent or wrongful act or omission on the part of a Department of Veterans Affairs [] employee acting within the scope of his or her employment that resulted in harm to [Plaintiff] regarding the three tort claims submitted. Additionally, a claim based on the denial of VA benefits is not actionable under the FTCA. Under the Veterans Judicial Review Act, claims regarding veterans' benefits are under the sole jurisdiction of the Court of Appeals for Veterans Claims.

ECF No. 1-2 at 5. In this action, Plaintiff asserts that the Regional Office mistakenly withheld benefits based on a negligent determination that Plaintiff was fleeing from a felony warrant. Plaintiff contends that as a result of this negligence, Plaintiff suffered financial and emotional damages. Plaintiff does not seek any VA compensation benefits in this action.

## II.    LEGAL STANDARD

A party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011). "Motions to dismiss for lack of subject-matter jurisdiction can be decided three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts." *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 539 (8th Cir. 1993).

Facial challenges to subject matter jurisdiction are limited to the allegations in the plaintiff's complaint. *See BP Chemicals Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 680 (8th Cir. 2002) ("[W]e consider only [the] challenge to the district court's subject matter jurisdiction, which we construe as a facial, not factual, challenge because [the movant] limited its attack to the allegations in [the plaintiff's] amended complaint."). Additionally, "[i]n a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*; *see also Great Rivers Habitat Alliance*, 615 F.3d at 988 ("We must accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party."). The plaintiff bears the burden of proving that jurisdiction exists. *Satterlee v. U.S.*, 432 F. Supp. 2d 941, 946 (Mo. W.D. 2006) (citing *Osborn v. U.S.*, 918 F.2d 724, 730 (8th Cir. 1990)).

The existence of subject matter jurisdiction is a question of law appropriate for the court. *ABF Freight Syst., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). A district court has broad power in deciding whether it has the right to hear a case. *Osborn*, 918 F.2d at 729. "Moreover, because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial[.]" *Id.*

### III.  DISCUSSION

The United States contends that the Court lacks subject matter jurisdiction. The United States has limited its argument to allegations in Plaintiff's complaint, and has therefore made a facial challenge to jurisdiction. *BP Chemicals Ltd.*, 285 F.3d at 680. Accordingly, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*

4

The United States argues that Plaintiff is challenging the VA's action or inaction regarding a veterans' benefits matter and, therefore, this Court lacks subject matter jurisdiction because the Veterans' Judicial Review Act of 1988 ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105, codified at various sections in Title 38, precludes Plaintiff from bringing this action in a federal district court. Specifically, the United States avers that adjudicating Plaintiff's claim would require the Court to decide questions of law and fact that are in the exclusive jurisdiction of the Court of Appeals for Veterans Claims. Thus, the United States asserts that Plaintiff's complaint should be dismissed.

Plaintiff responds that this Court has subject matter jurisdiction over this claim. Plaintiff contends that because he does not seek compensation benefits in this action, his claim is not within the scope of the VJRA. Rather, he seeks financial and emotional damages arising out of the VA's negligence. Therefore, Plaintiff concludes that this Motion should be denied.

Plaintiff filed this negligence action under the Federal Tort Claims Act ("FTCA"). The FTCA states that

> [t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674. The FTCA provides a limited waiver of sovereign immunity subject to several exceptions. *Tonelli v. U.S.*, 60 F.3d 492, 494 (8th Cir. 1995). Specifically, the FTCA allows a plaintiff to seek damages for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1); *Tonelli*, 60 F.3d at 494.

FTCA claims may not be brought in federal district court, however, if they fall within the scope of the VJRA. *See Thomas v. Principi*, 394 F.3d 970, 973 (D.C. Cir. 2005). Under the VJRA,

5

> [t]he Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. [] [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511; *see also Weaver v. U.S.*, 98 F.3d 518, 519-20 (10th Cir. 1996). Thus, the VJRA generally precludes district courts from reviewing decisions affecting veterans' benefits. *Price v. U.S.*, 228 F.3d 420, 421 (D.C. Cir. 2000). Additionally, the VJRA provides that the "exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the [Federal Circuit]." *Id.* To determine whether a plaintiff's complaint falls within the scope of the VJRA, courts "examine the substance of [the] allegations, rather than the plaintiff's labels, to determine their true nature." *Weaver*, 98 F.3d at 520.

The Eighth Circuit has not spoken on whether a FTCA claim falls within the scope of the VJRA. However, a D.C. Circuit case, *Thomas v. Principi*, 394 F.3d 970 (D.C. Cir. 2005), is instructive on this issue. In *Thomas*, a veteran filed a claim for disability benefits with the VA. 394 F.3d at 972. The VA denied the veteran's claim, explaining that the doctor who examined the veteran failed to make a diagnosis that could form the basis of disability benefits. *Id.* Over the course of many years, the veteran filed several claims and appeals. *Id.* Approximately eight years after the doctor's examination, the VA revealed that the doctor had diagnosed the veteran with schizophrenia. *Id.* The veteran then sued the VA under the FTCA, "alleging that the VA had committed medical malpractice and caused him intentional emotional distress by failing to inform him of the working diagnosis of schizophrenia." *Id.* The VA moved to dismiss under the VJRA, and the district court granted the VA's motion. *Id.*

The veteran appealed and the D.C. Circuit reversed. *Id.* at 973. The D.C. Circuit found that the district court could adjudicate some of the veteran's tort claims without violating the exclusive

6

jurisdiction of the Court of Veterans Appeals. *Id.* at 974. For example, the district court could address whether the VA negligently or intentionally failed to inform the veteran of the diagnosis and health risks. *Id.* The court explained, "[b]ecause none of these claims alleges that the VA failed to pay for treatment (or even to provide for treatment), they raise no 'questions of law [or] fact necessary to a decision by the Secretary under a law that affects the provision of benefits.'" *Id.* (quoting 38 U.S.C. § 511). Rather, "[t]he raised questions of law and fact relate to whether the alleged withholding of the diagnosis states a tort claim, and resolution of those questions is not necessary to the benefits determination." *Id.* (internal quotations omitted). The court noted, however, that certain claims fell outside the district court's jurisdiction. *Id.* at 975. For example, addressing whether the VA failed to provide appropriate medical services "would require the district court to determine first whether the VA acted properly in providing [the veteran] benefits." *Id.* (internal citations omitted).

*Thomas* dictates that federal district courts may not adjudicate claims that require the court to determine whether the VA properly handled a veteran's request for benefits. In addition, other courts have found that if a veteran challenged VA actions that related to a benefits request, the court lacked subject matter jurisdiction over a related FTCA claim. *See Bell v. U.S.*, No. 1:12-cv-75-MHT-WC, 2012 WL 1599272 (M.D. Ala. Apr. 13, 2012) (finding the court lacked subject matter jurisdiction where VA physician made an allegedly derogatory remark that she would not help the veteran receive an increase in benefits); *Kumnick v. U.S.*, No. 8:05-CV-01511-JDW-MAP, 2007 WL 4614771 (M.D. Fla. Dec. 31, 2007) (finding the court lacked subject matter jurisdiction where the veteran alleged that the VA negligently failed to verify the veteran's eligibility for benefits); *Price v. U.S.*, 228 F.3d 420 (D.C. Cir. 2000) (holding that the district court lacked jurisdiction to determine whether the VA failed to reimburse the veteran in bad faith).

The Court finds that it lacks subject matter jurisdiction over Plaintiff's FTCA claim. Although Plaintiff couches his VA benefits challenge in the language of negligence, the Court has "examine[d] the substance of [the] allegations, rather than [Plaintiff's] labels, to determine their true nature." *Weaver*, 98 F.3d at 520. Plaintiff essentially asserts that the VA's delay in reinstating and refunding withheld benefits caused Plaintiff harm. "[F]ederal district courts do not have subject matter jurisdiction over claims that benefits decisions were not made or were made untimely." *Kumnick*, 2007 WL 4614771, at *2. Moreover, to adjudicate Plaintiff's claim, the Court would have to "determine first whether the VA acted properly in providing [Plaintiff] benefits." *Thomas*, 394 F.3d at 975 (internal citations omitted). The Court therefore finds that adjudication of Plaintiff's claim rests within the exclusive jurisdiction of the Court of Appeals for Veterans Claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction over Plaintiff's FTCA claim.

Accordingly,

**IT IS HEREBY ORDERED** that United States's Motion to Dismiss for Failure to State a Claim [ECF No. 10] is **GRANTED**.

Dated this   30th   day of July, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE